**XIU LIN YUAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2967–ag.

United States Court of Appeals, Second Circuit.

Jan. 19, 2007.

Peter D. Lobel, New York, New York, for Petitioner.

Maxwell Wood, United States Attorney for the Middle District of Georgia, Sharon T. Ratley, Assistant United States Attorney, Macon, Georgia, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Lin Yuan, a native and citizen of China, seeks review of a May 26, 2006 order of the BIA affirming a January 10, 2005 decision of Immigration Judge ("IJ") Noel Brennan, denying Yuan's application for asylum and withholding of removal. *In re Xiu Lin Yuan,* No. A79 429 883 (B.I.A. May 26, 2006), *aff'g In re Xiu Lin Yuan,* No. A79 429 883 (Immig. Ct. N.Y. City Jan. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an opinion that adopts and supplements the IJ's decision, this Court reviews the IJ's decision, as supplemented. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir. 2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We afford "particular deference" to an IJ's adverse credibility determination based on an alien's demeanor, "mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhou Yun Zhang v. INS,* 386 F.3d at 73. However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed unless it can be confidently predicted that the IJ would adhere to the decision were the case remanded. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Xiao Ji Chen v. U.S. Dept. of Justice,* 434 F.3d 144, 162 (2d Cir.2006). In reviewing the agency's decision under

the substantial evidence standard, this Court's review is "confined to the reasons given by the IJ, and we will not search the record for alternative reasons to affirm the decision of the BIA." *Zhi Wei Pang v. BCIS*, 448 F.3d 102, 107 (2d Cir.2006) (citing *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003)).

In this case, the IJ found "that the Respondent did not testify in a credible manner" because "[h]er testimony was general and her demeanor unconvincing." Moreover, he observed that the "direct testimony [was] weak, inconsistent, internally lacking in detail, and inconsistent with the written statement." These findings are supported by substantial evidence. Despite repeated questioning aimed at clarifying her testimony, Yuan testified both vaguely and inconsistently about precisely what she had been doing when the authorities allegedly caught her with a Falun Gong book, a fact which "goes to the heart" of her claim of past persecution. *Secaida–Rosales v. INS*, 331 F.3d at 309. She testified vaguely regarding the condition of her alleged confinement in China, only providing some details after her attorney asked leading questions. She testified inconsistently regarding the number and age of her siblings. Finally, the IJ concluded that Yuan was "both evasive and deliberately confusing" in testifying about her sister's status in America. While a different factfinder may have drawn other inferences from these vagaries and inconsistencies, we cannot conclude that he would be compelled to do so. *See Zhou Yun Zhang v. INS*, 386 F.3d at 73 (observing that IJ "who assesses testimony together with witness demeanor is in the best position to discern, often at a glance,

whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it; whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood."). Accordingly, we identify no error in the IJ's adverse credibility finding.

Because Yuan's only evidence of a threat of future persecution depended on her credibility, the adverse credibility determination in this case makes her ineligible for asylum and necessarily precludes success on her claim for withholding of removal as well. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).